**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

SARAH SMITH,

    **Plaintiff,**

v.                                                                              Case No:

**HUNTER WARFIELD, INC.**,

    **Defendant.**                                       **DEMAND FOR JURY TRIAL**
_____/

**PLAINTIFF'S COMPLAINT**
**WITH INJUNCTIVE RELIEF SOUGHT**

**COMES NOW**, Plaintiff, **SARAH SMITH** ("Ms. Smith" or "Plaintiff"), by and through the undersigned counsel, and hereby sues and files this Complaint and Demand for Jury Trial with Injunctive Relief Sought against Defendant, **HUNTER WARFIELD, INC.** ("Defendant") and in support thereof states as follows:

*Introduction*

1. This action arises out of an alleged "Debt" or "Consumer Debt" as defined by Fla. Stat. § 559.55 (6) and Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et. seq.* ("FDCPA"), and the Florida Consumer Collection Practices Act, Fla. Stat. § 559.72 *et. seq.* ("FCCPA"), in attempting to collect such Debt by communicating with third parties in connection with the collection of the alleged debt without Ms. Smith's prior consent.

### *Jurisdiction and Venue*

2. This Court has subject matter jurisdiction over the instant case under 28 U.S.C. §1331.

3. Jurisdiction of this Court also arises under 15 U.S.C. § 1692k (d) and Fla. Stat. § 559.77 (1).

4. Venue lies in this District pursuant to 28 U.S.C. § 1391 (b), as a substantial part of the events or omissions giving rise to the claims occurred in this judicial district.

### *Parties*

5. Plaintiff, Ms. Smith, was and is a natural person and, at all times material hereto, is an adult, a resident of Pinellas County, Florida, a "consumer" as defined by 15 U.S.C. § 1692a (3), and "debtor" or "consumer" as defined by Fla. Stat. § 559.55 (8).

6. At all times material hereto, Defendant was and is a foreign profit corporation with its principle place of business in the State of Florida and its registered agent, Stephen Sobota, located at 4620 Woodland Corporate Boulevard, Tampa, FL 33614.

### *Statements of Fact*

7. On or around November 22, 2016, Ms. Smith entered into a lease ("Lease") for an apartment located in St. Petersburg, Florida ("Apartment").

8. In or around March of 2017, due to the lessor's failure to uphold its end of the Lease, Ms. Smith elected to terminate the Lease prior to the Lease expiring.

9. As a result of Ms. Smith's termination of the Lease prior to the Lease expiring, the lessor represented that Ms. Smith owed an alleged debt for various move-out charges ("Alleged Debt").

10. The lessor thereafter assigned the Alleged Debt to Defendant for the purpose of collecting the Alleged Debt.

11. On or around August 29, 2017, Defendant called Ms. Smith and sent her a letter in an attempt to collect the Alleged Debt.

12. Ms. Smith answered Defendant's call and demanded validation of the Alleged Debt and informed Defendant that the Alleged Debt was disputed.

13. On or around September 25, 2017, Defendant called Ms. Smith's sister and brother-in-law's house phone number, 773-***4624 ("House Phone"), in attempts to collect Ms. Smith's Alleged Debt.

14. Defendant did not inform Ms. Smith's sister and brother-in-law that the Alleged Debt was disputed.

15. Defendant called Ms. Smith's sister and brother-in-law's House Phone from phone number 813-283-4625.

16. Ms. Smith never gave her prior consent directly to Defendant for Defendant to communicate with her sister and brother-in-law in connection with the collection of the Alleged Debt.

17. Defendant also knew that Ms. Smith's sister and brother-in-law did not have a legitimate business need for the information.

### *Count 1: Violation of the Fair Debt Collection Practices Act ("FDCPA")* *(as against Defendant)*

18. Ms. Smith re-alleges paragraphs 1-17 and incorporates the same herein by reference.

19. Ms. Smith is a "consumer" within the meaning of the FDCPA.

20. The subject debt is a "consumer debt" within the meaning of the FDCPA.

21. Defendant is a "debt collector" within the meaning of the FDCPA.

22. Defendant violated the FDCPA. Defendant's violations include, but are not limited to, the following:

    a. Defendant violated 15 U.S.C. § 1692c (b) by contacting Ms. Smith's sister and brother-in-law in connection with the collection of the Alleged Debt without Ms. Smith's prior consent.

23. As a result of the above violations of the FDCPA, Ms. Smith has been subjected to illegal collection activities for which she has been damaged.

24. Defendant's actions have damaged Ms. Smith by invading her privacy.

25. Defendant's actions have damaged Ms. Smith by causing her embarrassment.

26. Defendant's actions have damaged Ms. Smith by causing her stress.

27. Defendant's actions have damaged Ms. Smith by causing her aggravation.

28. Defendant's actions have damaged Ms. Smith by harming her reputation.

29. It has been necessary for Ms. Smith to retain the undersigned counsel to prosecute the instant action, for which she is obligated to pay a reasonable attorney's fee.

30. All conditions precedent to this action have occurred.

    **WHEREFORE**, Plaintiff respectfully requests this Court to enter a judgment against Defendant as follows:

    a. Awarding statutory damages as provided by 15 U.S.C. 1692k(a)(2)(A);

    b. Awarding actual damages;

    c. Awarding costs and attorneys' fees; and

    d. Any other and further relief as this Court deems equitable.

### *Count 2: Violation of the Florida Consumer Collection Practices Act ("FCCPA")* <br> *(as against Defendant)*

31. Ms. Smith re-alleges paragraphs 1-17 and incorporates the same herein by reference.

32. Defendant violated the FCCPA. Defendant's violations include, but are not limited to, the following:

    a. Defendant violated Fla. Stat. § 559.72(5) by disclosing to Ms. Smith's sister and brother-in-law information regarding the Alleged Debt that affected the Ms. Smith's reputation, whether or not for credit worthiness, when Defendant knew that Ms. Smith's sister and brother-in-law did not have a legitimate business need for the information.

    b. Defendant violated Fla. Stat. § 559.72(6) by disclosing information concerning the existence of the Alleged Debt that Defendant knew was reasonably disputed by Ms. Smith without disclosing that fact to Ms. Smith's sister and brother-in-law.

33. As a result of the above violations of the FCCPA, Ms. Smith has been subjected to unwarranted and illegal collection activities and harassment for which she has been damaged.

34. Defendant's actions have damaged Ms. Smith by invading her privacy.

35. Defendant's actions have damaged Ms. Smith by causing her embarrassment.

36. Defendant's actions have damaged Ms. Smith by causing her stress.

37. Defendant's actions have damaged Ms. Smith by causing her aggravation.

38. Defendant's actions have damaged Ms. Smith by harming her reputation.

39. It has been necessary for Ms. Smith to retain the undersigned counsel to prosecute the instant action, for which she is obligated to pay a reasonable attorney's fee.

40. All conditions precedent to this action have occurred.

**WHEREFORE**, Plaintiff respectfully requests this Court to enter a judgment against Defendant as follows:

    a. Awarding statutory damages as provided by §559.77, Fla. Stat.;

    b. Awarding actual damages;

    c. Awarding punitive damages;

    d. Awarding costs and attorneys' fees;

    e. Ordering an injunction preventing further wrongful contact by the Defendant; and

    f. Any other and further relief as this Court deems equitable.

## DEMAND FOR JURY TRIAL

Plaintiff, Sarah Smith, demands a trial by jury on all issues so triable.

Respectfully submitted this **November 8, 2017**,

*/s/ Michael A. Ziegler*
Michael A. Ziegler, Esq.
Florida Bar No. 74864
mike@zieglerlawoffice.com

*/s/  Kaelyn Steinkraus*
Kaelyn Steinkraus, Esq.
Florida Bar No. 125132
kaelyn@zieglerlawoffice.com

Law Office of Michael A. Ziegler, P.L.
13575 58th Street North, Suite 129
Clearwater, FL 33760
(p)  (727) 538-4188
(f)  (727) 362-4778
Attorneys and Trial Counsel for Plaintiff